## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **DAKOTA LAASER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-1463 |
| | ) |
| **J'S ASSOCIATES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

### I.  COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Dakota Laaser (hereafter "Laaser"), brings this action against Defendant, J's Associates, LLC (hereafter "Defendant"), pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*.

### II.  PARTIES

2. At all times relevant to this action, Laaser resided within the Southern District of Indiana.

3. At all times relevant to this action, Defendant maintained offices and conducted business within the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 12117.

5. At all times relevant to this action, Laaser was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

7. Laaser is a qualified individual with a disability, has a record of a disability, and/or is perceived and/or regarded as disabled, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8).

8. Laaser suffers from Hyperactive Attention Deficit Disorder and Occiptal-Nueralgia. Laaser's disabilities substantially affect his day to day life activities.

9. Laaser satisfied his obligation to exhaust his administrative remedies, having timely filed with the U.S. Equal Employment Opportunity Commission against Defendant, alleging discrimination based on his disability, his record of disability and/or Defendant's perception of Laaser as disabled and/or in retaliation for engagement in protected activity. Laaser received his Right to Sue and now timely files the instant lawsuit prior to the expiration of the ninety (90) day window to file.

10. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

11. Laaser began his employment with Defendant in July 2018.

12. At all times relevant, Laaser met or exceeded Respondent's legitimate employment expectations.

13. In November 2018, Laaser began to be supervised by Derek Gunn ("Gunn") and/or Brian Weisman ("Weisman"). Gunn was the primary supervisor while Weisman was the "back up" supervisor.

14. Immediately, Gunn and Weisman began to subject Laaser to severe verbal harassment in general, and specifically related to his disabilities. Examples of this harassment include, but are not limited to, repeatedly calling Laaser "retarded" and suggesting that Laaser only obtained his degree by performing sexual favors on teachers. Gunn and Weisman's harassment of Laaser was severe and pervasive.

15. In November 2018 Weisman was overheard harassing Laaser and this harassment of Laaser was reported to management by a third party. Instead of addressing Weisman's behavior, Defendant chose to discipline both Weisman and Laaser for not "getting along."

16. Laaser complained to Gunn about his and Weisman's treatment of Laaser, but to no effect.

17. In January 2019 Laaser decided to escalate his complaints of harassment by contacting his Union steward and making a formal complaint. Laaser was told the steward would "look into" the allegations. At the same time, Laaser complained to Gunn's supervisor, David Drake. Ultimately, neither the union nor Drake took any effective action to curtail Gunn's and Weisman's harassment of Laaser. In fact, Laaser was given a verbal warning from Gunn indicating that if Laaser continued complaining about the harassment, Laaser would be fired or even physically harmed.

18. Throughout the first half of 2019, Gunn's and Weisman's harassment intensified. Laaser continued to make verbal complaints about the treatment. Eventually, in August 2019, Laaser again complained to his Union steward. Laaser requested to file a formal grievance but was told the union desired to "keep this one off the record." On information and belief, this directive originated with Defendant, and Defendant was informed by the Union that Laaser

attempted to file a grievance.

19. Prior to this point, Laaser had no formal discipline in his year on the job outside of the November 2018 warning that inexplicably disciplined him for being bullied. Following Laaser's request to file a formal grievance, Defendant engaged in a concerted effort to force Laaser to resign through the issuance of unwarranted discipline. First, Weisman and Gunn concocted a fictional story regarding Laaser sleeping on the job. In reality, Laaser slept through his lunch break (and no longer) after being given permission to do so by his supervisor.

20. In September Laaser was given a written warning for alleged performance shortcomings, all such accusations originating from Gunn or Weisman and unsupported by other evidence. When given this discipline by Drake, Laaser again verbally complained regarding Gunn's and Weisman's harassment. In response, Drake threatened to terminate Laaser.

21. Less than a week later, Laaser was given a second written warning, again for alleged performance deficiencies fabricated by Gunn and Weisman. On information and belief, both written warnings issued in September 2019 to Laaser were issued in retaliation to his attempt to file a formal grievance in August.

22. Laaser then obtained legal counsel and notified Defendant of his intent to pursue a Charge of Discrimination against the Defendant.

23. Approximately 2 weeks after this notice was provided to the Defendant, Defendant met with its contracting partner GSA. Following this meeting, GSA requested Laaser be removed from being able to work at the property to which he was currently assigned. On information and belief, GSA provided this reason as pretext on Defendant's behalf when, in reality, Defendant simply wanted to retaliate against Laaser for his engagement in protected

conduct.

24. Defendant provided preferential treatment to other non-disabled individuals. By way of non exclusive example, Defendant repeatedly accused Laaser of video recording inside areas of the facilities Defendant services, violated posted warnings regarding such recording. Laaser denies any such recording. However, other employees regularly recorded video or photos in these areas, some even posting them to social media, yet no discipline was issued to these individuals.

25. Following GSA's letter, Defendant terminated Laaser. Defendant terminated Laaser because of his disability and because he had engaged in statutorily protected activity.

26. Any other reason given by the Defendant for its actions is pretext.

27. Laaser has suffered harm as a result of Defendant's unlawful actions.

## V. CAUSES OF ACTION

### COUNT ONE:  VIOLATIONS OF THE ADA - DISCRIMINATION

28. Laaser hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29. Defendant violated Laaser's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. by disciplining and terminating Laaser because of his disability.

30. Defendant's actions were intentional, willful and in reckless disregard of Laaser's rights as protected by the ADA.

31. Laaser has suffered damages as a result of Defendant's unlawful actions.

### COUNT TWO: VIOLATIONS OF THE ADA - RETALIATION

32. Laaser hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint.

33. Defendant disciplined and terminated Laaser in retaliation for his engagement in the statutorily protected activity of complaining about harassment related to his disability.

34. Defendant's unlawful actions were intentional, wilful, and done in reckless disregard of Laaser's rights as protected by the ADA.

35. Laaser has suffered harm as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Dakota Laaser, respectfully requests that this Court enter judgment in his favor as follows:

1. Find and hold that Laaser has suffered from Defendant's act of unlawful discrimination and retaliation and issue a declaratory judgment that Defendant's acts violated the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.,* and/or;

2. Permanently enjoin Defendant, its officers, agents, employees and attorneys acting in concert with them from engaging in any employment policy or practice that discriminates against any person for exercising his or her statutorily protected rights, and/or;

3. Order Defendant to pay Laaser all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions, and/or;

4. Order Defendant to reinstate and/or hire Laaser or pay Laaser front pay in lieu thereof, and/or;

5. Order Defendant to pay liquidated damages to Laaser;

6. Order Defendant to pay compensatory and/or punitive damages to Laaser, and/or;

7. Order Defendant to pay to Laaser all costs and attorney's fees incurred as a result of him bringing this action, and/or;

8. Order Defendant to pay to Laaser pre- and post-judgment interest on all sums recoverable, and/or;

9. Award all other relief that is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Dakota Laaser, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Keenan D. Wilson (32195-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:   jhaskin@jhaskinlaw.com
           kwilson@jhaskinlaw.com
Attorney for Plaintiff, Dakota Laaser